UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON BREAUX, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:**      **04-1636 c/w** <br>                  **05-0896,  05-0897** |
| **HALIBURTON ENERGY SERVICES, ET AL** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion to Compel Keystone to Provide More Complete Responses to Request for Production of Documents (doc. # 240)** filed by a defendant, Era Aviation, Inc., seeking an order from this Court requiring third party defendants Keystone Helicopters Inc., to more fully respond to a requests for production propounded on June 9, 2006, and received by Keystone on June 19, 2006.

Keystone filed an opposition memorandum.  This motion was heard on August 16, 2006.

### I.      Factual and Procedural Background

This litigation arises from a helicopter accident that occurred on March 23, 2004 when a helicopter transporting eight passengers and two crew members left Galveston, Texas for an offshore drilling ship located approximately 130 miles off the Texas coast.  The helicopter was operated by Era.  During its flight, the helicopter disappeared and the wreckage was found three days later approximately 60 miles off the Texas shore.

The plaintiff's husband, Tyler Breaux, was a passenger aboard the helicopter. The plaintiff, Shannon Breaux, filed an action in Civil District Court in Orleans Parish against Era, her husband's employer Haliburton, and others. That action was removed to this Court on diversity grounds, and later consolidated with two other actions filed by family members of those aboard the helicopter.

On March 24, 2005, Era filed a third party complaint against Keystone contending that Keystone improperly and negligently assembled, modified, and or sold the Electronic Flight Information System and Dual Digital Automatic Flight Control System ("EFIS/DDAFS") installed on the aircraft at the time of the accident. Era seeks indemnity and contribution for all liability arising from the accident, along with the loss of the aircraft.

On June 9, 2006, Era sent Keystone the subject requests for production of documents. Keystone, however, never received the documents, and Era then emailed them to Keystone on June 19, 2006. Keystone forwarded to Era its answers to the discovery on July 19, 2006. One week later Era filed the subject motion seeking more complete responses to the discovery.

**II.   Standard of Review**

The discovery rules are accorded a broad and liberal treatment to effect their purpose ofadequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

**III.  Analysis**

During the hearing on this matter, the parties informed Court that they had resolved all their

issues but one related to request for production number 15. This requests seeks "All documents identifying other helicopters on which Keystone performed work on, for the purposes of converting to an S-76A + or A++ model." Keystone objected to this request contending that work done on other aircraft is not relevant to work done on this helicopter. Further, Keystone contended that such a request was overbroad and an unnecessary expense.

However, prior to the hearing, Keystone agreed to produce the requested documentation for all aircraft it worked on prior to this helicopter, but continued to maintain that any documentation for helicopters it worked on after this helicopter was not relevant. The Court concluded that any subsequent remedial measures are discoverable and therefore ordered the production of the documents.

Accordingly,

**IT IS ORDERED THAT** Era's **Motion to Compel Keystone to Provide More Complete Responses to Request for Production of Documents (doc. # 240)** is **GRANTED** in **PART** and **DENIED** in **PART** as **MOOT**. It is granted in part in that Keystone will produce all documentation responsive to request for production number 15, and denied in part as moot as to the remaining discovery.

New Orleans, Louisiana, this __18th__ day of September 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**