UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON BREAUX, IN HER CAPACITY AS ADMINISTRATRIX OF THE SUCCESSION OF TYLER BREAUX, ON BEHALF OF HERSELF, TYLER BREAUX. AND HER MINOR CHILDREN TYLER BREAUX, JR. AND BRYCE BREAUX | CIVIL ACTION |
| VERSUS | NO: 04-1636 |
| HALLIBURTON ENERGY SERVICES, INC. ET AL. | SECTION: "S" (4) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Ace American Insurance Company's motion for summary judgment is **GRANTED**.  (Document # 526.)

### I. BACKGROUND

On March 23, 2004, Tyler Breaux was killed in a helicopter crash during the course of his employment with Halliburton Entergy Services, Inc.  Ace American Insurance Company (Ace), Halliburton's  worker's compensation insurer, paid compensation, death, and funeral expenses in the amount of $71,555.69 under the provisions of the Longshore and Harbor Worker's Compensation Act (LHWCA).

After Shannon Breaux entered into a settlement agreement with ERA Aviation, Inc. (ERA), the operator of the helicopter, Ace moved to intervene to recover from the settlement funds the amounts paid by Ace on behalf of the plaintiff. The magistrate judge granted the motion to intervene as unopposed, and Ace filed a motion for summary judgment, seeking payment in the amount of $71,555.68.

## II. DISCUSSION

Ace contends that it is entitled to recover its legally subrogated lien against the Breaux's settlement with a third party. Ace argues that there is no prejudice to the plaintiff because she was aware that the employer had an automatic lien to recover benefits previously paid before and during the settlement with the third parties.[1]

"Section 33(a) of the LHWCA, 33 U.S.C. § 933(a), preserves a compensated worker's right to recover damages from parties other than his employer." Petes v. North River Ins. Co. of Morristown, New Jersey, 764 F.2d 306, 310 (5th Cir. 1985). Courts "have uniformly held that the employer [or insurer][2] has a subrogation right to be reimbursed from the worker's net recovery from a third party for the full amount of compensation benefits already paid." Id. at

---

[1] The court held oral argument on Ace's motion for summary judgment on August 29, 2007, and permitted the parties to submit additional memoranda in support of their arguments. Shannon Breaux did not file a supplemental memorandum. Her opposition argument is confined to the timeliness of the intervention under Fed. Rule Civ. Pro. 24 and does not address the compensation lien of an employer or an insurer.

[2] Section 933 provides:
Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section.

312. A compensation lien on third-party recoveries attaches whether funds are obtained by settlement or judgment. Id. "Section 33 of the Act, 33 U.S.C. § 933, makes it clear that the compensation insurer shall recover in full its payments from the total recovery obtained by the injured workman from a third-party defendant." Id. at 318. "[T]he subrogation interest of the employer [or insurer] is not in the litigation between the plaintiff and the defendant, but only in the end product of the litigation–the plaintiff's recovery."

Ace is entitled to intervene in this action to enforce its subrogation rights and to recover the compensation lien. Breaux settled with third parties, and Ace may recover in full its payments from the proceeds obtained by Breaux in settlement of her claim. Accordingly, there are no disputed issues of material fact, and Ace is entitled to judgment as a matter of law.

New Orleans, Louisiana, this   24th   day of September, 2007.

                        **MARY ANN VIAL LEMMON**
                       **UNITED STATES DISTRICT JUDGE**